**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABNER JONATHAN GONZALEZ-DELGADO, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-72624 <br><br> Agency No. A200-691-137 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015[**]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Abner Jonathan Gonzalez-Delgado, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

affirming an immigration judge's decision denying his application for withholding

of removal and protection under the Convention Against Torture ("CAT"). We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the BIA's determination that, even if Gonzalez-Delgado was a member of a particular social group, he failed to establish past persecution or a clear probability of future harm on account of a protected ground.  *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("[T]o demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts."); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, Gonzalez-Delgado's withholding of removal claim fails.

Gonzalez-Delgado does not challenge the agency's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED.**

13-72624